JOHN E. FORSYTHE, Respondent, v. EUGENE ALBRIGHT, Appellant.

### Kansas City Court of Appeals, July 9, 1910.

1. **REAL ESTATE .BROKER: Commission.** A real estate agent employed to sell land is entitled to compensation when he produces to the owner a purchaser who offers and is ready, willing and able to purchase on the authorized terms.

2. **AGENT'S AUTHORITY TO SELL.** The contract of the real estate agent for employment to. sell land need not be in writing to be valid and binding on the owner. It is not a contract for the sale of land, but an agreement for the services of another to aid the owner in effecting a sale.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*Halbert H. McCluer* and *Wm. B. Yoder* for appellant.

(1) The evidence is not sufficient to entitle the plaintiff to recover, and the court erred in refusing to instruct the jury to find the issues in favor of the defendant, as requested at the end of plaintiff's evidence, and renewed at the close of all the evidence. Zeidler v. Walker, 41 Mo. App. 118; Reiger v. Bigger, 29 Mo. App. 421; Ramsey v. West, 31 Mo. App. 676; Kimberly v. Henderson, 29 Md. 515. (2) The court erred in admit-

ting the following evidence offered on behalf of plaintiff, over defendant's objections as follows: All evidence in relation to ability of Dr. Sullivan to carry out alleged contract. (3) The court erred in giving the instruction asked by the plaintiff, as modified by the court, over defendant's objections. (4) The court erred in overruling defendant's motion for a new trial.

*Bruce Barnett* and *Paul R. Stinson* for respondent.

(1) Plaintiff having adduced testimony tending to show that he produced a purchaser ready, willing and financially able to purchase defendant's property upon the terms and conditions authorized, and the defendant having been notified of that fact prior to the time he contracted for the sale of the property to another, defendant's instructions in the nature of demurrers to the evidence were properly refused. Hayden v. Grillo's Admr., 41 Mo. App. 1; Sallee v. McMurry, 113 Mo. App. 253; Perrin v. Kimberlin, 110 Mo. App. 661; McCray et al v. Pfost, 118 Mo. App. 672; Goodson v. Embleton, 106 Mo. App. 77. (2) The court did not err in giving plaintiff's instruction No. 1 as modified by the court. The mere misnomer of a party in one part of an instruction is not prejudicial error. Especially since defendant's instruction, which covered the point, properly described the parties. Shortel v. St. Joseph, 104 Mo. 114.

JOHNSON, J.—Plaintiff, a real estate broker in Kansas City, brought this suit in a justice court to recover a commission of two hundred dollars alleged to be due him from defendant, his principal.

A trial in the circuit court before a jury resulted in a verdict and judgment for plaintiff and the cause is before us on the appeal of defendant. Material facts disclosed by the evidence of plaintiff thus may be stated: Defendant, engaged in the business of building and selling houses, built and had for sale a house on Park

avenue in Kansas City. In the spring of 1906, plaintiff, at his own solicitation, obtained authority to sell the house as the agent of defendant. There was a mortgage of $2200 on the property. The price fixed by defendant was $5250, and the terms on which he authorized a sale to be made required the purchaser to assume the mortgage, to make a down payment of $500, and to pay the remainder of the purchase price (including interest) in monthly installments of $30 each.

The property could not be sold at that price and in the following autumn, defendant reduced the price to $5000, the terms to remain the same. Plaintiff found a customer—a Dr. Sullivan—who, at first, tried to beat down the price to $4750. Defendant would not consent to any reduction. During the negotiations, defendant and plaintiff went together to see Dr. Sullivan, at his office, and at the interview, defendant made it clear that he would not take less than $5000 for the property. The doctor promised to give his answer the next day at eleven o'clock and as they left the office, defendant said to plaintiff, "stay with him and you will sell it." A day or two later, plaintiff sold the property at the price and on the terms authorized, and a written memorandum of the sale was made. Defendant was notified of the sale by plaintiff and promised to close the deal and to deliver the abstract. Later, he sold the property to another person and this suit followed. Plaintiff was unable to produce at the trial the written contract signed by Dr. Sullivan, but he had a copy of that instrument and tried to introduce it in evidence. Defendant objected and after repeated attempts of plaintiff to lay a foundation for the introduction of the copy, the court finally excluded it on the ground that a proper foundation had not been laid for its introduction. The evidence of plaintiff, however, tends to show that Dr. Sullivan was ready, willing and able to buy the property on the terms proposed; that he was presented to the defendant as a customer possessing

those qualifications and that defendant's failure to close the sale was not due to any fault of plaintiff or his customer, but was due to the desire of defendant to make a sale without having to pay an agent's commission.

The evidence of defendant is materially different from that of plaintiff, but for present purposes, it is not important. It is contended by defendant that the jury should have been peremptorily instructed to return a verdict in his favor. Counsel argue that all of the negotiations and agreements between plaintiff and Dr. Sullivan were merged in the written contract and, since that contract was not produced, there is no competent evidence in the record that plaintiff produced a customer who was ready, willing and able to purchase the property at the price and on the terms authorized.

We are not dealing with an action founded on a written contract of sale made by the agent with the purchaser, but with one founded on the breach of a contract of employment. It is well settled that "a contract providing for the employment of an agent to sell land to be valid and binding on the owner is not required to be in writing, but may rest entirely on parol. It is not to be regarded as a contract for the sale of lands but as an agreement enlisting the services of another to aid the owner in effecting a sale." [Young v. Ruhwedel, 119 Mo. App. 231.] "A real estate agent or broker employed to sell land must, before he will be entitled to compensation, find and produce to the owner thereof, a purchaser who offers and is ready, willing and able to make the purchase on the authorized terms, or to respond in damages in the event of a failure to perform his undertaking; or he must procure from such purchaser, and tender to the owner a valid contract containing terms which the owner may enforce, if necessary." [McCrary & Son v. Pfost, 118 Mo. App 672, and cases cited.] It is immaterial to this action whether or not the oral negotiations and agreements of plaintiff and Dr.

Sullivan became merged in the written contract they signed. Plaintiff was entitled to show that he introduced a customer to defendant who was ready, willing and able to buy on the authorized terms and, since his evidence tends to establish that fact, he has discharged his burden of proof. As is pointed out in the opinion from which we have just quoted, the constitutive fact under consideration could be proved in one of two ways. Plaintiff was not required to prove it in both ways.

In making his offer plaintiff succeeded in introducing his copy of the written contract into the record, but as stated, he did not succeed in bringing it to the attention of the jury. Though defendant's objections prevented the copy from going to the jury, he now points to its provisions as proof of his assertion that "the only agreement that appellant alleges or claims to have made was an option contract and not an agreement to purchase, and was not such an agreement, the procuring of which would entitle the appellant to recover a commission."

If defendant desired to invoke the aid of that contract, he should have allowed the secondary evidence to be received and submitted to the jury or else he should have obtained the original contract and offered it in evidence himself. He succeeded in keeping that contract out of the evidence and we shall not consider the terms of the copy which is not in evidence though it be in the record. Defendant will not be suffered to blow hot and cold—to say in one breath "plaintiff has no case because he failed to produce the written contract in evidence," and in the next breath that "he has no case because the terms of the written contract show he failed to perform service that would entitle him to a commission."

The demurrer to the evidence was properly overruled. There is no merit in the point made against plaintiff's instructions. Finding no error in the record, the judgment is affirmed. All concur.